UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

KEVIN MOORE,                                     )
                                                 )
                    Plaintiff,                   )
                                                 )
        v.                                       )           No. 4:20-CV-1032-SRC
                                                 )
UNKNOWN TURNER, et al.,                          )
                                                 )
                    Defendants.                  )

**MEMORANDUM AND ORDER**

        This matter is before the Court upon review of the complaint filed by self-represented

plaintiff Kevin Moore, an inmate at the St. Louis City Justice Center ("SLCJC"), and motion for

leave to commence this civil action without prepayment of the required filing fee.  ECF Nos. 1, 3.

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging denial of access to courts,

deliberate indifference to his medical needs, and violations of his due process rights.  Plaintiff

brings his claims against the SLCJC and three of its employees.

        The complaint and motion for leave to proceed in forma pauperis are defective because

they were not drafted on a Court-provided form.  *See* Local Rule 2.06(A) ("All actions brought by

self-represented plaintiffs or petitioners should be filed on Court-provided forms where

applicable."); Local Rule 2.05(A) ("An application to proceed in forma pauperis shall be

accompanied by a statement of the applicant's financial information set forth on a form provided

by the Court.").  Plaintiff has also failed to submit a certified copy of his prison account statement

for the six-month period immediately preceding the filing of his complaint.  *See* 28 U.S.C.

§ 1915(b).  A "certified copy" is one that has been certified by an authorized prison officer that is

a true and correct copy.

In consideration of plaintiff's self-represented status, the Court will allow him to file an amended complaint.  The Court will also order plaintiff to either pay the filing fee or submit a motion for leave to proceed in forma pauperis on a Court-provided form accompanied by a certified copy of his prisoner account statement for the six-month period immediately preceding the filing of this action.

Plaintiff is warned that the filing of an amended complaint **replaces** the original complaint, and so it must include all claims plaintiff wishes to bring.  *See In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect").  Plaintiff must type or neatly print the amended complaint on the Court's prisoner civil rights complaint form, which will be provided to him.

In the "Caption" section of the amended complaint, plaintiff must state the first and last name, to the extent he knows it, of each defendant he wishes to sue.  *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties").  Plaintiff must avoid naming anyone as a defendant unless that person is directly related to his claim.   Plaintiff must also specify whether he intends to sue each defendant in his or her individual capacity, official capacity, or both.

In the "Statement of Claim" section, plaintiff should begin by writing the defendant's name. **In separate, numbered paragraphs under that name, plaintiff should set forth a short and plain statement of the facts that support his claim or claims against that defendant.** *See* Fed. R. Civ. P. 8(a).  Each averment must be simple, concise, and direct.  *See id.*  Plaintiff must state his claims in numbered paragraphs, and each paragraph should be "limited as far as practicable to a single set of circumstances."  *See* Fed. R. Civ. P. 10(b).  If plaintiff names a single defendant, he may set forth as many claims as he has against that defendant.  *See* Fed. R. Civ. P.

18(a).  **If plaintiff names more than one defendant, he should only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other.**  *See* Fed. R. Civ. P. 20(a)(2).  **Plaintiff cannot join, in a single lawsuit, multiple claims against different defendants related to events arising out of different transactions or occurrences.**  In other words, "Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2."  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

It is important that plaintiff allege facts explaining how each defendant was personally involved in or directly responsible for harming him. *See Madewell*, 909 F.2d at 1208. Plaintiff must explain the role of the defendant, so that the defendant will have notice of what he or she is accused of doing or failing to do.  *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim."). Furthermore, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action."  *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017). Finally, plaintiff must not try to amend a complaint by filing separate documents. Instead, he must file a single, comprehensive pleading that sets forth his claims for relief.

Plaintiff is advised that the Court will review the amended complaint under 28 U.S.C. §§ 1915 and 1915A, and related authority.  If plaintiff fails to file an amended complaint on the Court's form within thirty (30) days and in compliance with the Court's instructions, the Court will dismiss this action without prejudice and without further notice.

**IT IS HEREBY ORDERED** that, within **thirty (30) days** of the date of this Order, plaintiff shall file an amended complaint on the Court-provided form and in compliance with the instructions set forth herein.

**IT IS FURTHER ORDERED** that, within **thirty (30) days** of the date of this Order, plaintiff shall either pay the filing fee or submit a motion to proceed in forma pauperis on the Court-provided form.

**IT IS FURTHER ORDERED** that, if plaintiff chooses to submit an application to proceed without prepaying fees or costs, he shall file a certified copy of his prison account statement for the six-month period immediately preceding the filing of the complaint, within **thirty (30) days** of the date of this Order.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to mail plaintiff a blank Prisoner Civil Rights Complaint form and Motion to Proceed in Forma Pauperis – Prisoner Cases form.

**The failure of plaintiff to timely comply with this Order shall result in the dismissal of this action, without prejudice and without further notice.**

Dated this 13th day of August, 2020.

_____
STEPHEN R. CLARK
UNITED STATES DISTRICT JUDGE