**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

KEVIN MOORE,              )
                                       )
           Plaintiff,         )
                                       )
        v.                 )          Case No. 4:20-CV-1032-SRC
                                       )
UNKNOWN TURNER, et al.,    )
                                       )
          Defendants.      )

## MEMORANDUM AND ORDER

This matter is before the Court upon review of the file and on the motion of self-represented plaintiff Kevin Moore, an inmate at the St. Louis City Justice Center, for leave to commence this civil action without payment of the required filing fee. ECF No. 3. Having reviewed the motion and the information submitted in support, the Court has determined that plaintiff lacks sufficient funds to pay the entire filing fee, and will assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will allow plaintiff additional time to submit an amended complaint.

### Background

On August 6, 2020, plaintiff Kevin Moore commenced this civil action pursuant to 42 U.S.C. § 1983 by filing a handwritten complaint naming Unknown Lieutenant Turner, Unknown Lieutenant Livingston, Unknown Dr. Fuentes, and the St. Louis City Justice Center ("SLCJC") as defendants. ECF No. 1. They are sued in their individual capacities.

Plaintiff alleges three claims in his complaint: (1) denial of access to the courts; (2) deliberate indifference to his medical needs; and (3) a violation of his due process rights. Plaintiff alleges he was denied access to the courts because the SLCJC does not have a law library. As to

his deliberate indifference claim, plaintiff states he "fell out of his top bunk" causing "a busted head and dislocated shoulder." Plaintiff alleges his medical needs were disregarded by defendant Dr. Fuentes because she "denied all of Plaintiff's request[s] for adequate medical attention and stronger pain medication" as well as physical therapy. As to his due process claim, plaintiff alleges defendants Turner and Livingston placed him in a "cell lockdown without first writing him a disciplinary ticket of alleged violations that he is accused of violating and not affording him a disciplinary hearing in accordance to the facility rules outlined in the facilities rule book." Plaintiff further complains that all of his grievances have been ignored. Plaintiff seeks a total of $220,000 in damages.

On August 13, 2020, the Court entered an Order directing plaintiff to file an amended complaint and amended motion for leave to proceed *in forma pauperis* on Court-provided forms pursuant to Local Rule 2.06(A), and to submit a certified copy of his prison account statement as required by 28 U.S.C. § 1915(b). The Court provided instructions on how to properly submit an amended complaint on a Court-provided form and directed the Clerk of Court to provide plaintiff with a blank "Prisoner Civil Rights Complaint" form and "Motion to Proceed in Forma Pauperis – Prisoner Cases" form. Plaintiff's amended pleading and certified account statement were due no later than September 14, 2020.

On August 19, 2020, plaintiff submitted a letter to the Court stating the institution refused to provide him with a certified inmate account statement. ECF No. 6. Although plaintiff's response to the Court's Order regarding his certified account statement was timely, to date, plaintiff has not filed an amended pleading, nor has he sought additional time to do so.

2

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee.  If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period.  After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account.  28 U.S.C. § 1915(b)(2).  The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid.  *Id.*

Plaintiff has not submitted a prison account statement.  Instead, plaintiff asserts in a letter to the Court, filed on August 19, 2020, that the institution has refused to provide him with a certified inmate account statement.  ECF No. 6.  Therefore, plaintiff will be required to pay an initial partial filing fee of $1.00, an amount that is reasonable based upon the information before the Court.  *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances").  If plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his prison account statement in support of his claim.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief can be granted.  To

state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements. *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that a court must accept factual allegations in the complaint as true but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented complainants are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff that assumed facts that had not been pleaded). In addition, affording a self-represented complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so

as to excuse mistakes by those who proceed without counsel.  *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**Discussion**

Because plaintiff is proceeding as a self-represented litigant, the Court will *sua sponte* provide him with additional time to submit his amended complaint on a Court-provided form as directed by this Court's August 13, 2020 Order.  The Court notes, however, that in addition to the original complaint being defective because it was not drafted on a Court-provided form, plaintiff's claims are subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B) as they do not appear to state a claim upon which relief may be granted.

As to plaintiff's access of courts claim against the SLCJC, the Eighth Circuit has recognized that it is insufficient to merely allege a denial of access to a law library or other resources, even if the denial is systemic, without an assertion of an *actual injury*.  *Sabers v. Delano*, 100 F.3d 82, 84 (8th Cir. 1996) (per curiam) (citing *Lewis v. Casey*, 518 U.S. 343, 353 n.4 (1996)); *Myers v. Hundley*, 101 F.3d 542, 544 (8th Cir. 1996).  Moreover, the SLCJC is not a suable entity. *See Owens v. Scott Cty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) ("county jails are not legal entities amenable to suit"); *Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) ("departments or subdivisions" of local government are not "juridical entities suable as such"); *Brown v. St. Louis City Justice Ctr.*, 4:20-CV-00123-AGF, 2020 WL 3498125, at *2 (E.D. Mo. June 29, 2020) (dismissal of the SLCJC as a defendant because it was not a suable entity).

Plaintiff also does not state a plausible claim for denial of medical care against defendant Dr. Fuentes. To state a claim for failure to provide medical care, plaintiff must allege that (1) he suffered from an objectively serious medical need and (2) defendant knew of, but deliberately disregarded, that need.  *See Schaub v. VonWald*, 638 F.3d 905, 914 (8th Cir. 2011).  Plaintiff has

not described acts or omissions by Dr. Fuentes that were sufficiently harmful, cruel or prolonged to support a claim of deliberate indifference.  Plaintiff admits he received treatment for his injuries from an "outside hospital" and is being provided with over-the-counter pain medication but alleges Dr. Fuentes has denied plaintiff's requests for adequate medical attention, including stronger pain medication and physical therapy. Although plaintiff may disagree with the treatment provided by Dr. Fuentes, mere disagreement with treatment cannot rise to the level of a constitutional violation.  *See Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995) (finding that for a claim of deliberate indifference, "the prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation"). Because plaintiff has not alleged enough facts from which the Court can find deliberate indifference of his medical needs, plaintiff's claim against Dr. Fuentes is subject to dismissal.

To the extent plaintiff seeks to hold defendants Turner and Livingston responsible for not following "facility rules outlined in the facilities rulebook" or for the handling of his grievances under 42 U.S.C. § 1983, such a claim is also subject to dismissal.  It is well established there is no federal constitutional liberty interest in having prison officials follow prison regulations.  *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003) (*citing Kennedy v. Blankenship*, 100 F.3d 640, 643 (8th Cir. 1996)); *see also Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997) (failure to follow prison policy is not a basis for § 1983 liability). Also, there is no federal constitutional right to a prison grievance procedure, and neither state law nor state policy creates one. *See Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (a prison officials' failure to process or investigate grievances, without more, is not actionable under § 1983; grievance procedure is procedural right only and does not confer substantive right on inmate).

### Instructions on Amending the Complaint

In consideration of plaintiff's self-represented status, the Court will allow him to file an amended complaint. Plaintiff is warned that the filing of an amended complaint replaces the original complaint, and so it must include all claims plaintiff wishes to bring. *See In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect"). Plaintiff must type or neatly print the amended complaint on the Court's prisoner civil rights complaint form, which will be provided to him. *See* E.D. Mo. L.R. 45 – 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms").

In the "Caption" section of the amended complaint, plaintiff must state the first and last name, to the extent he knows it, of each defendant he wishes to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). Plaintiff must avoid naming anyone as a defendant unless that person is directly related to his claim. Plaintiff must also specify whether he intends to sue each defendant in his or her individual capacity, official capacity, or both.

In the "Statement of Claim" section, plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should set forth a short and plain statement of the facts that support his claim or claims against that defendant. *See* Fed. R. Civ. P. 8(a). Each averment must be simple, concise, and direct. *See id.* Plaintiff must state his claims in numbered paragraphs, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b). If plaintiff names a single defendant, he may set forth as many claims as he has against that defendant. *See* Fed. R. Civ. P. 18(a). If plaintiff names more than one defendant, he should only include claims that arise out of the same

7

transaction or occurrence, or simply put, claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2).

It is important that plaintiff allege facts explaining how each defendant was personally involved in or directly responsible for harming him. *See Madewell*, 909 F.2d at 1208. Plaintiff must explain the role of the defendant, so that the defendant will have notice of what he or she is accused of doing or failing to do. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim"). Furthermore, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017). Finally, plaintiff must not try to amend a complaint by filing separate documents. Instead, he must file a single, comprehensive pleading that sets forth his claims for relief.

### Motion to Appoint Counsel

Plaintiff has filed a motion to appoint counsel. ECF No. 2. In civil cases, a self-represented litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). *See also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (stating that "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case"). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the self-represented litigant to investigate the facts, the existence of conflicting

testimony, and the ability of the self-represented litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After considering these factors, the Court finds that the appointment of counsel is unwarranted at this time.  Plaintiff has yet to file a complaint that survives initial review, so it cannot be said that he has presented non-frivolous claims.  Additionally, this case appears to involve straightforward factual and legal issues, and there is no indication that plaintiff cannot investigate the facts and present his claims to the Court.  The Court will therefore deny his motion without prejudice, and will entertain future motions for appointment of counsel, if appropriate, as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* (ECF No. 3) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial filing fee of $1.00 within twenty-one (21) days of the date of this Order.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that, within thirty (30) days of the date of this Memorandum and Order, plaintiff shall submit an amended complaint in accordance with the instructions set forth herein.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to plaintiff two blank Prisoner Civil Rights Complaint forms.  Plaintiff may request additional forms as needed.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel (ECF No. 2) is **DENIED** at this time.

**IT IS FURTHER ORDERED** that if plaintiff fails to timely comply with this Memorandum and Order, the Court will dismiss this action without prejudice and without further notice.

Dated this 28th day of October, 2020.

_____
STEPHEN R. CLARK
UNITED STATES DISTRICT JUDGE

10