# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | |
|---|---|
| KEVIN MOORE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:20-CV-1032-SRC |
| | ) |
| UNKNOWN TURNER, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of the file. On August 6, 2020, self-represented plaintiff Kevin Moore, an inmate at the St. Louis City Justice Center ("SLCJC"), filed a handwritten complaint naming Unknown Lieutenant Turner, Unknown Lieutenant Livingston, Unknown Dr. Fuentes, and the SLCJC as defendants in their individual capacities. Plaintiff alleged three claims in his complaint: (1) denial of access to the courts; (2) deliberate indifference to his medical needs; and (3) a violation of his due process rights. Plaintiff also filed a motion for leave to proceed *in forma pauperis*.

The Court issued an Order on August 13, 2020 finding the complaint and motion to be defective because they were not drafted on Court forms pursuant to Local Rules 2.06(A) and 2.05(A). ECF No. 5. The Court provided plaintiff with the opportunity to file an amended complaint and amended application to proceed without prepaying fees or costs. The Court also directed plaintiff to submit a certified copy of his prison account statement as required by 28 U.S.C. § 1915(b). The Order provided plaintiff with instructions on how to properly submit an amended complaint and directed the Clerk of Court to provide plaintiff with the appropriate blank forms. Plaintiff had until September 14, 2020 to comply.

On August 19, 2020, plaintiff submitted a letter to the Court indicating the SLCJC refused to provide him with a certified inmate account statement. ECF No. 6. Plaintiff did not, however, file an amended pleading within the time allotted. On October 28, 2020, the Court issued an Order granting Plaintiff's motion to proceed *in forma pauperis* and, in consideration of his self-represented status, *sua sponte* provided him with additional time to submit an amended complaint on a Court-provided form as directed by the Court's August 13, 2020 Order. ECF No. 7. The Court further noted that in addition to the original complaint being defective because it was not drafted on a Court-provided form, plaintiff's claims were subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B) as they did not appear to state a claim upon which relief could be granted. The Court provided an analysis of why each of his claims were subject to dismissal on the merits. The Court again provided plaintiff with instructions on how to properly submit an amended complaint and directed the Clerk of Court to provide plaintiff with the appropriate blank forms. Plaintiff's amended pleading was due on November 27, 2020.

To date, plaintiff has not complied with the Court's August 13, 2020 or October 28, 2020 Orders as he has neither submitted an amended pleading, nor sought additional time to do so. The Court gave plaintiff meaningful notice of what was expected, cautioned him that the instant case would be dismissed if he failed to timely comply, and gave him additional time to comply which included a *sua sponte* extension. Therefore, this action will be dismissed without prejudice due to plaintiff's failure to prosecute his case. *See* Fed. R. Civ. P. 41(b); *see also Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (a district court has the power to dismiss an action for the plaintiff's failure to comply with any court order); *Dudley v. Miles*, 597 F. App'x 392 (8th Cir 2015) (per curiam) (affirming dismissal without prejudice where self-represented plaintiff failed to file an amended complaint despite being cautioned that dismissal could result from failure to do so).

This action is also being dismissed for the reason that plaintiff's handwritten complaint fails to state a claim. This Court is required to dismiss a complaint if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2). As detailed in the Court's October 28, 2020 Order, the SLCJC is not a suable entity and he has not alleged a sufficient factual basis from which the Court can find cognizable claims against the individual defendants for deliberate indifference of his medical needs, violations of his due process rights, or a denial of access to the courts. *See* ECF No. 7 at 5-6.

Accordingly,

**IT IS HEREBY ORDERED** that this case is **DISMISSED** without prejudice.  A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 8th day of December, 2020.

_SL R. CR_

STEPHEN R. CLARK
UNITED STATES DISTRICT JUDGE